UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY DOBBINS, *individually and on behalf of persons similarly situated,*

Plaintiff,

v. Case No.: 8:11-cv-1923-T-24-AEP

SCRIPTFLEET, INC., *a Florida corporation, f/k/a Network Express,* and XYZ Entities 1-10, *fictitious names of unknown liable entities,*

Defendants.
______________________________/

**ORDER**

This cause comes before the Court on Defendant Scriptfleet, Inc.'s ("Scriptfleet") Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and 8(a). (Doc. No. 20). Plaintiff Wendy Dobbins ("Dobbins") filed a response in opposition to the motion. (Doc. No. 31). For the reasons stated herein, the motion is granted in part and denied in part.

## I. Background

On October 11, 2011, Dobbins filed her Amended Class Action Complaint (Doc. No. 10) for overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and also under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201 *et seq.* ("FDUTPA"). In her Amended Class Action Complaint, Dobbins alleges the following: Dobbins worked for Defendants as a courier from approximately August 2007 until July 2011. Her duties included driving and delivering various goods for Defendants' customers and completing all necessary paperwork associated with such deliveries. Although

Dobbins was an employee of Defendants, Defendants misclassified her and other couriers as independent contractors.

In Count I, Dobbins asserts that as a result of this misclassification, she and other couriers were deprived of overtime wages in violation of the FLSA. In Count II, Dobbins asserts that Defendants' conduct of misclassifying her and other couriers as independent contractors caused them to suffer deductions and incur expenses under federal and state law that would not have occurred had they been properly classified as employees. As a result, such misclassification constituted an unconscionable or deceptive act or practice in the conduct of trade or commerce in violation of the FDUTPA. In Count III, also under the FDUTPA, Dobbins requests the Court declare Defendants to be in violation of FDUTPA and to enjoin Defendants from continuing to misclassify their employees as independent contractors.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. Id. Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the

complaint stops short of plausibility and does not show the plaintiff is entitled to relief. Id. at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. Id. at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than conclusions." Id. at 1950.

## III. Discussion

On November 14, 2011, Defendant Scriptfleet filed the instant Motion to Dismiss in which it asserts multiple grounds for dismissal. First, Scriptfleet argues that Dobbins failed to plead sufficient facts to establish jurisdiction under the FLSA, to establish an employment relationship under the FLSA, or to state a claim for unpaid overtime wages under the statute. Furthermore, Scriptfleet argues the Dobbins does not have standing to assert a claim under FDUTPA because Dobbins is not a consumer, because no trade or commerce has taken place between Scriptfleet and Dobbins, and because the damages sought by Dobbins are not recoverable under the statute.

### A. Sufficiency of the Pleading Under the FLSA

In Count I, Dobbins alleges that Defendants violated the FLSA by mischaracterizing her and other couriers as independent contractors rather than as non-exempt employees, thereby depriving them of overtime pay. In its motion, Scriptfleet argues that Dobbins has supported this claim with "nothing more than boilerplate recitations of legal elements and conclusory assertions of liability," and therefore has failed to plead sufficient facts to state a claim under the FLSA.

Specifically, Scriptfleet first argues that Dobbins did not plead sufficient facts to establish the jurisdictional prerequisite of interstate commerce under the FLSA. Scriptfleet contends that Dobbins must plead facts that establish jurisdiction, and "must do more than assert

a rote legal conclusion" concerning jurisdiction.

Here, Dobbins alleges that she was employed by Scriptfleet or its subsidiaries as a courier. (Doc. No. 10, ¶ 3-4). She alleges that Scriptfleet was "engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and 203(s)." (Doc. No. 10, ¶ 13). Based upon information and belief, Dobbins also alleged that "the annual gross sales volume of each of the Defendants was in excess of $500,000.00 per annum." (Doc. No. 10, ¶ 13). She also alleges that she and others similarly situated were "individually engaged in commerce." (Doc. No. 10, ¶ 14).

The Court concludes that these allegations are sufficient at this stage of the litigation to demonstrate the jurisdictional prerequisite of interstate commerce. "[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the act." Id. At this stage of the proceeding, no more is required. Id.; see also Spigner v. Lessors, Inc., No. 8:11-cv-420-T-24-MAP, 2011 WL 1466282, at *2 (M.D. Fla. Apr. 18, 2011).

Scriptfleet next argues that Dobbins did not plead sufficient facts to demonstrate an employment relationship under the FLSA. Specifically, it argues that, in order to state a claim under the FLSA, a plaintiff must plead facts sufficient to demonstrate an employment relationship under the six factor "economic realities" test.[1]

---

[1] Additionally, Scriptfleet argues that Dobbins's claims against Defendants XYZ Entities 1-10 should be dismissed because Dobbins has merely alleged that these other unknown entities may have acted as an employer, and such hypothetical allegations against unknown entities are

Here, Dobbins alleges that she and other couriers were employees of Defendants, were subjected to Defendants' control, and were economically dependent on Defendants. (Doc. No. 10, ¶¶ 3, 6, 7). Dobbins alleges that her duties were "non-exempt in nature and included driving and delivering various goods for Defendants' customers and completing all necessary paperwork associated with such deliveries." (Doc. No. 10, ¶ 4). Dobbins further alleges that she was required to wear Defendants' uniforms; rent and use Defendants' equipment; perform assigned routes in the order, manner, and timeframe Defendants established; purchase insurance through Defendants; and also to follow Defendants' rules, regulations, practices and policies. (Doc. No. 10, ¶ 6). Finally, she alleges that failure to comply with Defendants' rules would subject her to disciplinary action. (Doc. No. 10, ¶ 6.)

The Court concludes that these allegations are sufficient to establish an employment relationship at this early stage of the litigation. Once again, the Court is mindful of the "straightforward" FLSA pleading requirements required by Eleventh Circuit precedent. See Labbe, 319 F. App'x at 763. Whether or not Scriptfleet was in fact Dobbins's employer is an issue that is more appropriately decided at the summary judgment stage or trial.

Finally, Scriptfleet argues that Dobbins has failed to allege sufficient facts to state a claim for unpaid overtime wages under the FLSA. Specifically, it contends that Dobbins should have alleged facts related to "what hourly wage a plaintiff was paid, an estimate of how many hours a plaintiff worked for which she was not compensated, and whether an employer had actual or constructive knowledge of the alleged uncompensated overtime."

---

insufficient to withstand a motion to dismiss. The Court, however, declines to address this argument at this time because these entities have not yet appeared in the case, nor has a motion to dismiss been filed on their behalf.

The Court disagrees. Dobbins alleged that she worked as a courier from approximately August 2007 until July 2011. (Doc. No. 10, ¶ 7). She alleges that her duties were non-exempt in nature and that she was misclassified as an independent contractor. (Doc. No. 10, ¶¶ 3, 4). She alleges that this misclassification was intentional, willful, and unlawful, and that she is owed overtime wages for the three year statute of limitations period beginning in August of 2008. (Doc. No. 10, ¶¶ 5, 19, 39).

The Court concludes that at this stage of the proceedings, the allegations contained in Count I are sufficient to give Scriptfleet fair notice of the nature of the FLSA claim and the grounds upon which it rests. Scriptfleet can reasonably prepare a response to the complaint and may also avail itself of Federal Rule of Civil Procedure 8(b)(5) to answer that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation" as to any paragraphs for which it cannot make a determination. Discovery is the appropriate method by with it should seek any additional information necessary to prepare its defense. See Spigner, 2011 WL 1466282, *2.

Accordingly, the Court concludes that Dobbins has stated a claim for unpaid overtime wages under the FLSA sufficient to withstand a motion to dismiss, and therefore, Scriptfleet's motion as to Count I must be denied.

**B. Standing Under FDUTPA**

In Counts II and III, Dobbins alleges that Defendants' misclassification of her as an independent contractor constituted a violation of the Florida Deceptive and Unfair Trade Practices Act. See Fla. Stat. Ann. §§ 501.201 *et seq.* In response, Scriptfleet contends that Dobbins does not have standing to bring these claims under FDUTPA because the statute only

protects consumers, and based upon the allegations contained in the amended complaint, Dobbins is not a consumer. Dobbins does not dispute that she is not a consumer; instead, she claims that the 2001 amendments to FDUTPA, which replaced the word "consumer" with the word "person," expanded the statute to provide relief to non-consumers.

FDUTPA was originally enacted to protect consumers from suppliers who commit deceptive trade practices and to prohibit unfair competition methods. Nat'l Alcoholism Programs v. Palm Springs Hosp. Emp. Benefit Plan, 825 F. Supp 299, 302 (S.D. Fla. 1993). The Florida legislature intended to create a statutory cause of action to allow citizens to recover damages related solely to a product or service purchased in a consumer transaction infected with unfair or deceptive trade practices or acts. Delgado v. J.W. Courtesy Pont. GMC-Truck, 693 So. 2d 602, 606 (Fla. App. 2d DCA 1997). As such, FDUTPA was enacted within Chapter 501, entitled "Consumer Protection." As stated in the statute itself, the overall purpose of FDUTPA is to "protect the *consuming* public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2) (2012) (emphasis added).

In 2001, the Florida Legislature amended Section 501.211 by replacing the word "consumer" with the word "person" when referring to the ability to recover actual damages as a result of a violation of the statute. However, the legislative intent of the 2001 amendment was to clarify that "'remedies available to individuals are also available to businesses,'" as opposed to creating a cause of action for non-consumers. Kertesz v. Net Transactions, Ltd., 635 F. Supp. 2d 1339, 1349 (S.D. Fla. 2009) (quoting Senate Staff Analysis and Economic Impact Statement, Florida Staff Analysis, SB 208, March 22, 2001, at p. 7). Accordingly, the Court is not

convinced that the 2001 amendment to FDUTPA creates a cause of action for an individual employee against his or her purported employer, when there is no consumer relationship between them.

The Court is cognizant of the cases cited by Dobbins in support of her position; nevertheless, the Court does not find these cases persuasive. True Title, Inc. v. Blanchard, No. 6:06-cv-1871-ORL-19DAB, 2007 WL430659, at *1 (M.D. Fla. Feb. 5, 2007), and Grosharev v. Wilsons Ltd., Inc., 3:08-cv-1219-J-MCR, 2010 WL 2054168 (M.D. Fla. Mar. 10, 2010), are factually distinguishable because in those cases the FDUTPA claim was alleged in connection with alleged misappropriation of company property, and not in a pure employment context as is the posture of this case. Finally, though factually similar, Scantland v. Jeffery Knight, Inc., No. 8:09-cv-1985-T-17TBM, 2010 U.S. Dist. LEXIS 103151, at *18-19 (M.D. Fla. Sept. 29, 2010), is not persuasive because the Scantland court reached its decision with very little discussion or analysis, and because the case has not yet been resolved on summary judgment or at trial.

Accordingly, the Court concludes that Dobbins does not have standing to bring her FDUTPA claims against Scriptfleet, and therefore, the motion to dismiss as to Counts II and III must be granted.

**IV. Conclusion**

For the reasons stated herein, Defendant Scriptfleet's Motion to Dismiss (Doc. No. 20) is **GRANTED IN PART AND DENIED IN PART**. Counts II and III of the Amended Class Action Complaint as alleged against Defendant Scriptfleet are dismissed with prejudice.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of February, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of record