UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WENDY DOBBINS, on behalf of herself and other similarly situated, ) ) ) Plaintiff, ) v. ) ) SCRIPTFLEET, INC., ) ) Defendant ) ———————————————————— ) ) SCRIPTFLEET, INC., ) ) Counterclaim Plaintiff, ) ) v. ) ) WENDY DOBBINS, ) ) Counterclaim Defendant. ) ———————————————————— ) | Case No.:  8:11-cv-01923-SCB-AEP |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant, Scriptfleet, Inc. f/k/a Network Express ("Scriptfleet"), by counsel, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, and for its Answer to the Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff, Wendy Dobbins on October 11, 2011, denies all allegations in the Amended Complaint except those specifically admitted herein and further states as follows:

**I.**

**ANSWER**

1.    Scriptfleet admits that Plaintiff purports to bring the Amended Complaint on behalf of herself and a putative class of others similarly situated based on allegations and claims

set forth in the Amended Complaint related to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") (the "FLSA claims"), but Scriptfleet denies that either collective action certification or substantive relief is proper, and Scriptfleet therefore denies the remaining allegations contained in paragraph 1 of the Amended Complaint.

2.        Paragraph 2 of the Amended Complaint offers allegations related to purported violations of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA claims"), but in response to Scriptfleet's Motion to Dismiss (ECF No. 20), the Court dismissed with prejudice the FDUTPA claims in its February 23, 2012 Order (ECF No. 34) (the "Dismissal Order") and a response to the allegations related to the FDUTPA claims is therefore unnecessary.  To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 2 of the Amended Complaint.

3.        Paragraph 3 of the Amended Complaint offers legal conclusions rather than factual allegations and a response is therefore unnecessary.  To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 3 of the Amended Complaint.

4.        Paragraph 4 of the Amended Complaint offers legal conclusions rather than factual allegations and a response is therefore unnecessary.  To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 4 of the Amended Complaint.

5.        Paragraph 5 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary.  Paragraph 5 of the Amended Complaint further offers legal conclusions rather than factual allegations related

to the FLSA claims and a response is therefore unnecessary for this reason as well.   To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 5 of the Amended Complaint.

6.      Scriptfleet denies the allegations contained in paragraph 6 of the Amended Complaint.

7.      Paragraph 7 of the Amended Complaint offers legal conclusions rather than factual allegations and a response is therefore unnecessary.   To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 7 of the Amended Complaint.

8.      Scriptfleet admits the allegations contained in paragraph 8 of the Amended Complaint.

9.      Scriptfleet denies any "fictitious" entities alleged by Plaintiff exist, and Scriptfleet further denies the allegations contained in paragraph 9 of the Amended Complaint.

10.      Scriptfleet denies the allegations contained in paragraph 10 of the Amended Complaint.

11.      Scriptfleet admits that venue is proper in this Court, but Scriptfleet denies the remaining allegations contained in paragraph 11 of the Amended Complaint.

12.      Paragraph 12 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. Scriptfleet admits federal question jurisdiction exists, but Scriptfleet denies Plaintiff is entitled to any relief in this action and therefore denies the remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     Scriptfleet admits that its annual gross sales volume is in excess of $500,000 and admits that it engages in interstate commerce, but Scriptfleet denies the remaining allegations contained in paragraph 13 of the Amended Complaint.

14.     Paragraph 14 of the Amended Complaint offers legal conclusions rather than factual allegations and a response is therefore unnecessary.  To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 14 of the Amended Complaint.

15.     Scriptfleet admits Plaintiff purports to assert the FLSA claims on behalf of herself and a putative class of others similarly situated based on allegations and claims set forth in the Amended Complaint related to the FLSA, but Scriptfleet denies that either collective action certification or substantive relief is proper, and Scriptfleet therefore denies the remaining allegations contained in paragraph 15 of the Amended Complaint.

16.     Paragraph 16 of the Amended Complaint offers legal conclusions rather than factual allegations and a response is therefore unnecessary.  To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 16 of the Amended Complaint.

17.     Scriptfleet denies the allegations contained in paragraph 17 of the Amended Complaint.

18.     Scriptfleet denies the allegations contained in paragraph 18 of the Amended Complaint.

19.     Scriptfleet denies the allegations contained in paragraph 19 of the Amended Complaint.

20.     Scriptfleet denies the allegations contained in paragraph 20 of the Amended Complaint.

21.     Scriptfleet denies the allegations contained in paragraph 21 of the Amended Complaint.

22.     Scriptfleet admits that Plaintiff is requesting that the court authorize and supervise notice to the purported "FLSA Class," but Scriptfleet denies any such notice is proper, further denies Plaintiff is entitled to any substantive relief, and denies the remaining allegations contained in paragraph 22 of the Amended Complaint.

23.     Scriptfleet denies the allegations contained in paragraph 23 of the Amended Complaint.

24.     Paragraph 24 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. Paragraph 24 of the Amended Complaint further offers legal conclusions rather than factual allegations and a response is therefore unnecessary for this reason as well.   To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 24 of the Amended Complaint.

25.     Paragraph 25 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 25 of the Amended Complaint.

26.     Paragraph 26 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     Paragraph 27 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 27 of the Amended Complaint.

28.     Paragraph 28 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     Paragraph 29 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise

necessary, Scriptfleet denies the allegations contained in paragraph 29 of the Amended Complaint, including all subsections.

30.     Paragraph 30 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 30 of the Amended Complaint.

31.     Paragraph 31 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's understandings related to this litigation and Scriptfleet therefore denies the allegations contained in paragraph 31 of the Amended Complaint related to the same. Scriptfleet further denies the remaining allegations contained in paragraph 31 of the Amended Complaint.

32.     Paragraph 32 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff has retained counsel competent and experienced in complex class

action employment litigation and Scriptfleet therefore denies the same.  Scriptfleet further denies the remaining allegations contained in paragraph 32 of the Amended Complaint.

33.     Paragraph 33 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraph 33 of the Amended Complaint.

34.     Scriptfleet admits Plaintiff may have retained the Shavitz Law Group in connection with the litigation, but Scriptfleet is without knowledge or information sufficient to form a belief as to the terms related to the attorneys' fees Plaintiff may incur due to the representation of Plaintiff by the firm of the Shavitz Law Group, Scriptfleet denies Plaintiff is entitled to any damages, and Scriptfleet further denies the remaining allegations contained in paragraph 34 of the Amended Complaint.

35.     Scriptfleet admits that Plaintiff is seeking damages, but Scriptfleet denies Plaintiff is entitled to any damages and further denies the remaining allegations contained in paragraph 35 of the Amended Complaint.

36.     Paragraph 36 of the Amended Complaint offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary. To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies allegations contained in paragraph 36 of the Amended Complaint.

37.    Scriptfleet incorporates by reference its response to paragraphs 1 through 36 as if fully set forth herein.

38.    Scriptfleet denies the allegations contained in paragraph 38 of the Amended Complaint.

39.    Scriptfleet denies the allegations contained in paragraph 39 of the Amended Complaint.

40.    Scriptfleet denies the allegations contained in paragraph 40 of the Amended Complaint.

41.    Scriptfleet denies the allegations contained in paragraph 41 of the Amended Complaint.

42.    Scriptfleet denies the allegations contained in paragraph 42 of the Amended Complaint.

43.    Scriptfleet admits Plaintiff demands a jury trial, but denies a jury trial and/or substantive relief is necessary or proper and therefore denies the allegations contained in paragraph 43 of the Amended Complaint.

44.    For its response to paragraphs 44 through 54 of the Amended Complaint, Scriptfleet states that each offers allegations related to the FDUTPA claims, but the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and a response to the allegations related to the FDUTPA claims is therefore unnecessary.     To the extent factual allegations have been made or to the extent a response is otherwise necessary, Scriptfleet denies the allegations contained in paragraphs 44 through 54 of the Amended Complaint.

WHEREFORE, Scriptfleet respectfully requests that (a) this action not be certified as a collective or class action; (b) Plaintiff take nothing by way of the Amended Complaint; (c)

judgment be entered against Plaintiff and in favor of Scriptfleet; (d) Scriptfleet be awarded attorney fees and costs incurred in this action; and (e) Scriptfleet be awarded all other necessary and proper relief.

## II.

## AFFIRMATIVE DEFENSES

Scriptfleet, by counsel, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and for its Affirmative Defenses to Plaintiff's Amended Complaint,[1] states as follows:

1.      As an independent contractor, Plaintiff is not entitled to any of the relief requested.

2.      Plaintiff has failed in whole or in part to state a claim upon which relief may be granted.

3.      Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

4.      Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

5.      Without admitting that Plaintiff has been damaged in any sum whatsoever or at all, Scriptfleet is informed and believes and, based on such information and belief, alleges that, if Plaintiff has suffered any damages as alleged in the Amended Complaint, such damages were proximately caused in whole or in part by Plaintiff's own acts or omissions, and any damages otherwise recoverable by Plaintiff should be reduced in the proportion to which such damages resulted from Plaintiff's own conduct.

---

[1] The Affirmative Defenses set forth herein relate only to Plaintiff's FLSA claims because the Court dismissed with prejudice the FDUTPA claims in the Dismissal Order and it is not therefore necessary for Scriptfleet to set forth affirmative defenses to the allegations related to the FDUTPA claims.  To the extent Scriptfleet is required to otherwise provide affirmative defenses to the allegations related to the FDUTPA claims, Scriptfleet reserves its right to do so upon request.

6.      Some or all of Plaintiff's claims are barred by the doctrine of laches.

7.      Some or all of Plaintiff's claims are barred by the doctrine of payment.

8.      Some or all of Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9.      Some or all of Plaintiff's claims are barred by the doctrine of waiver.

10.     Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

11.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

12.     To the extent Plaintiff is entitled to any backpay or overtime pay, the compensation paid to Plaintiff constituted compensation for all hours worked.

13.     Plaintiff has been fully compensated for any expenses sought through Plaintiff's compensation structure.

14.     Some or all of Plaintiff's claims are barred because Plaintiff consented to the alleged conduct of Scriptfleet.

15.     Some or all of Plaintiff's claims should be reduced by the doctrine of set off.

16.     Scriptfleet at all times acted in good faith and has reasonable grounds for believing its pay practices complied with the FLSA.

17.     Scriptfleet has not intentionally or willfully failed to pay any compensation to Plaintiff, and Scriptfleet has acted in good faith in the payment of all amounts due Plaintiff.

18.     Plaintiff is not entitled to any penalty award under any federal statutory provision because, at all times relevant and material herein, Scriptfleet acted in good faith and had reasonable grounds for believing that it did not violate the wage provisions of any federal statute.

19.     Some or all of Plaintiff's claims for penalties are barred on the ground that a good faith dispute exists as to whether additional compensation is due and owing, thereby precluding a finding that Scriptfleet intentionally or willfully failed to pay any such additional compensation.

20.     Plaintiff's allegations against unidentified "XYZ Entities" must be dismissed because Plaintiff failed to identify and serve those purported Defendants in a timely manner.

21.     Scriptfleet will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Scriptfleet respectfully requests that (a) this action not be certified as a collective or class action; (b) Plaintiff take nothing by way of the Amended Complaint; (c) judgment be entered against Plaintiff and in favor of Scriptfleet; (d) Scriptfleet be awarded attorney fees and costs incurred in this action; and (e) Scriptfleet be awarded all other necessary and proper relief.

## III.

## COUNTERCLAIM

Counterclaim Plaintiff, Scriptfleet, Inc. ("Scriptfleet"), by counsel, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its Counterclaim against the Counterclaim Defendant, Wendy Dobbins ("Dobbins"), states as follows:

## A.

## Parties

1.     Scriptfleet is a provider of dedicated outsourcing service solutions to the medical industry and major corporations throughout the East Coast of the United States.

2.      Dobbins is an independent contractor who provided delivery equipment and services to Scriptfleet under a written independent contractor agreement.

## B.

## Jurisdiction

3.      This Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) because the claims asserted in the Counterclaim are so related to the claims asserted in the Amended Class Action Complaint ("Amended Complaint") filed by Dobbins that they form a part of the same case and controversy under Article III of the U.S. Constitution.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

## C.

## Facts

5.      On August 24, 2011, Dobbins filed a Complaint (ECF No. 1) (the "Complaint") against Scriptfleet seeking damages for overtime compensation and other relief on behalf of herself and others for alleged violations of *inter alia,* the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*  On October 11, 2011, Dobbins, on behalf of herself and others, filed the Amended Complaint adding additional claims alleging violations of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA claims").[2]

6.      Dobbins entered into an Independent Contractor Agreement with Scriptfleet on or about August 21, 2008 (the "Agreement").

7.      A true and accurate copy of the Agreement is attached hereto as *Exhibit A*.

8.      The Agreement provides, in relevant part, that Dobbins agrees to:

---

[2] In response Scriptfleet's Motion to Dismiss (ECF No. 20), the Court dismissed with prejudice the FDUTPA claims in its February 23, 2012 Order (ECF No. 34).

defend, indemnify and hold harmless CARRIER from any direct, indirect and consequential loss, damage, fine, expense, including reasonable attorney's fees, action, claim for injury to persons, including death, and damage to property which CARRIER may incur arising out of or in connection with the operation of the Equipment, CONTRACTOR's obligations under this Agreement, or any breach by CONTRACTOR of the terms of this Agreement.  This provision shall remain in full force and effect both during and after the termination of this Agreement.

*Agreement*, ¶ 13 (the "Indemnification Clause").

9.    Under the Agreement, the "CARRIER" referenced is Scriptfleet and the "CONTRACTOR" is Dobbins.

10.    The claims asserted by Dobbins in the Complaint and the Amended Complaint fall within the terms of the Agreement, including the Indemnification Paragraph.  For example:

a.    In executing the Agreement, Dobbins agreed to indemnify Scriptfleet for any "action" against Scriptfleet "arising out of or in connection with" Dobbins' "obligations under this Agreement."  *Agreement*, ¶ 13.

b.    One such "obligation" was the agreement to work for a liquidated fee amount.  *Agreement,* ¶ 3 ("It is expressly understood and agreed that CONTRACTOR's compensation shall be as set forth in <u>Appendix A</u>, and such compensation shall constitute the total compensation for everything furnished, provided, or done by CONTRACTOR in connection with this Agreement, including driver's services.").

c.    The crux of the Amended Complaint is Dobbins' allegation that Scriptfleet failed to pay Dobbins for each hour worked, for hours worked in excess of forty hours per week, and for taking improper deductions.   *See, e.g.*, *Amended Complaint*, ¶¶ 5, 15, 18-21, 24, 29, 35, 38-39, 45, 47.

d.      In other words, Dobbins alleges that she is owed more than the liquidated fee amount in the Agreement and Scriptfleet has a reasonable basis for alleging that Dobbins' lawsuit is an "action" against it "arising out of or in connection with" Dobbins' "obligations under the Agreement."

11.      Scriptfleet has incurred, and will incur, attorney fees in defending against the claims alleged by Dobbins in the Complaint and Amended Complaint.

12.      If the Court finds the Agreement to be enforceable and that Dobbins was properly classified as an independent contractor, Scriptfleet is entitled to a judgment enforcing the Indemnification Clause and other terms of the Agreement, including an award of all costs and expenses, including reasonable attorney's fees, incurred by Scriptfleet in defending against the Complaint and Amended Complaint.

WHEREFORE, Scriptfleet respectfully requests (a) its costs and expenses, including reasonable attorneys fees, incurred in defending against the Complaint and Amended Complaint if the Court ultimately finds the Agreement to be enforceable and that Dobbins was properly classified as an independent contractor; (b) pre-judgment and post-judgment interest; and (c) all other necessary and proper relief.

Respectfully submitted,


*/s/ Robert L. Browning*
Robert L. Browning (Admitted Pro Hac Vice)
rbrowning@scopelitis.com
A. Jack Finklea (Admitted Pro Hac Vice)
jfinklea@scopelitis.com
Scopelitis Garvin Light Hanson & Feary, P.C.
10 W. Market Street, Suite 1500
Indianapolis, IN  46204
Phone:  (317) 637-1777

-and-

R.H. Farnell II
rfarnell@bedellfirm.com
Bedell Dittmar DeVault Pillans & Coxe, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL  32202
Phone:  (904) 353-0211

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

Gregg I. Shavitz
gshavitz@shavitzlaw.com

*/s/ Robert L. Browning*
Robert L. Browning

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1500
Indianapolis, Indiana  46204
(317) 637-1777