UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY DOBBINS, individually
and on behalf of persons similarly situated,

    Plaintiff,

v.                                     CASE NO: 8:11-cv-1923-T-24AEP

SCRIPTFLEET, INC., a Florida corporation,
f/k/a NETWORK EXPRESS, and XYZ ENTITIES
1-10 (fictitious names of unknown liable entities),

    Defendants.
_____/

SCRIPTFLEET, INC.,

    Counterclaim Plaintiff

v.

WENDY DOBBINS,

    Counterclaim Defendant

_____/

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

    Plaintiff, WENDY DOBBINS, by and through her undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida, requests the entry of an Order dismissing Defendant's Counterclaim, and states:

1. This is a collective action for overtime wages pursuant to the Fair Labor Standards Act ("FLSA").

1. Plaintiff was a driver employed by Defendant as a courier. D.E. 10 at ¶ 4.

2. Plaintiff's duties were non-exempt in nature and included driving and delivering various goods for Defendant's customers and completing all necessary paperwork associated with such deliveries. D.E. 10 at ¶ 4.

3. Plaintiff and the other couriers worked consistently over 40 hours in a work week, but Defendant never paid them time-and-a-half for their overtime hours because Defendant misclassified them as independent contractors. D.E. 10 at ¶ 3, 5, 15-21.

4. In Response to the Amended Complaint, Defendant filed a Counterclaim. D.E. 35.

2. Defendant's Counterclaim is for contractual indemnity. D.E. 35 at 13-15. In effect, Defendant alleged that Plaintiff should be responsible for paying its attorney's fees in defense of the action. *Id*.

3. As a matter of law, Defendant's Counterclaim must be dismissed. Counterclaims by employers for indemnity for FLSA claims are strictly proscribed.

4. In addition, Defendant's baseless Counterclaim is asserted in an attempt to intimidate Plaintiff and others from vindicating their overtime rights.

5. Finally, allowing Defendant to obtain indemnification from Plaintiff for attorney's fees is antithetical to the FLSA, which allows for prevailing plaintiff attorney's fees but requires prevailing defendants to bear their own fees and costs.

6. For all of these reasons, Defendant's Counterclaim must be dismissed, with prejudice.

WHEREFORE, Plaintiff, WENDY DOBBINS, requests the entry of an Order dismissing the Counterclaim, with prejudice.

## MEMORANDUM OF LAW

### I. Standard for Dismissing a Counterclaim

Pursuant to Federal Rule of Civil Procedure, a counterclaim will be dismissed where it

fails to state a claim a claim for relief, under the standards most recently enunciated by the United States Supreme Court in *Bell Atlantic v. Tomboy*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Great American Assurance v. Sanchuk LLC*, 2012 U.S. Dist. Lexis 7477 (M.D. Fla. Jan. 23, 2012).  A plausible claim for relief must include factual content that allows the court to draw the inference that the defendant (or counterdefendant) is liable for the alleged misconduct.  *Id*. at *6 (citations omitted).

## II. <u>As a Matter of Law, No Claim for Indemnity Exists for Claims under the FLSA</u>

Virtually every court which has considered the issue has rejected claims by employers seeking indemnity for FLSA claims brought against them.  *Herman v. RSR Sec. Services Ltd*., 172 F.3d 132, 144 (2d Cir. 1999) (affirming dismissal of indemnification claim for alleged FLSA violations); *Martin v. Gingerbread Houses, Inc*., 977 F. 2d 1405, 1408 (10th Cir. 1992) (affirming dismissal of employer's third-party complaint seeking indemnity from employee for alleged FLSA  violations); *Lyle v. Food Lion*, 954 F. 2d 984, 987 (4th Cir. 1992) (affirming dismissal of employer's counterclaim for indemnity against the plaintiff's FLSA claim); *LeCompte v. Chrysler Credit Corp*., 780 F. 2d 1260, 1264 (5th Cir. 1986) (affirming dismissal of employer's cross-claim for indemnity of plaintiff's claims under FLSA); *see also, Goodman v. The Port Authority of New York and New Jersey*, 2012 U.S. Dist. Lexis 26401, *54 (S.D. N.Y. Feb. 27, 2012) (dismissing defendant's cross-claim for contractual indemnification for claims brought pursuant to the FLSA); *Villareal v. El Chile Inc*., 601 F.Supp.2d 1011, 1016 (N.D. Ill. 2009) (dismissing with prejudice defendant's counterclaim for indemnity with respect to the plaintiff's FLSA  claim); *Bailon v. Seok AM #1 Corp*., 2009 U.S. Dist. Lexis 114744 (W.D. Wash. Dec. 9, 2009) (dismissing defendant's counterclaim seeking indemnity for any liability for plaintiff's FLSA claims); *Gustafson v. Bell Atlantic Corp*., 171 F. 2d 311 (S.D. N.Y. Oct. 26,

2001). Importantly, "no right to indemnification exists for employers under the FLSA" . . . "**regardless of the status of the party from whom [the employer] seeks contribution**." *Gustafson, supra*, at * 38-39 (citing, *Herman*, supra, at 143) (internal brackets in original) (emphasis added).

Courts have offered numerous reasons why an employer has no right to indemnification for FLSA claims. "To engraft an indemnity action upon this otherwise comprehensive federal statute [the FLSA] would . . .undermine employers' incentive to abide by the Act, and would differentiate among employees (entitled to receive overtime compensation in a way which does not otherwise exist in the statute." *LeCompte, supra*, at 1264. In addition, because the FLSA "was designed to regulate the conduct of employers for the benefit of employees . . . allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute." *Gustafson, supra*, at 328 (citing, *Herman, supra* at * 144); *see also, Goodman*, *supra*, at *54 ("a holding that the indemnification clause is enforceable would indeed mean that employers would have little reasons to be concerned over . . . [compliance] with the statutorily mandated and unwaivable overtime pay requirements of the FLSA, knowing full well that if they are later found to have violated such requirements, such employers would be totally compensated for any injuries resulting from such action.") (citing, *Local 1035, International Brotherhood of Teamsters v. Pepsi Allied*, 99 F.Supp.2d 219, 221 (D. Conn. 2000) (dismissing employer's counterclaim to enforce indemnification clause in collective bargaining agreement as to overtime violations under the FLSA); *Bailon, supra*, at *9 ("[t]o rule otherwise would frustrate Congress' purpose in enacting the FLSA, since an employer who believed that any violation of the statute's overtime . . . provisions could be recovered from its employees would have a diminished incentive to

comply with the statute.") (citations omitted). Other courts note that a defendant may not bring a counterclaim against an employee asserting his rights under the FLSA because it would violate the Supremacy Clause of the United States Constitution and "undermine Congress' intent to provide a remedy for workers cheated out of overtime pay." *Carda v. E.F. Oftedal & Sons, Inc.*, 2005 U.S. Dist. Lexis 26373, \*5 (D. S.D. Apr. 28, 2005) (citations omitted); *see also, LeCompte, supra* at 164.

In the instant case, Defendant's attempt to counterclaim against Plaintiff for indemnification of her FLSA overtime claims must fail as a matter of law. No right to indemnification exists for employers under the FLSA. *See supra*. This is true whether the employer seeks indemnification from a supervisor, co-owner, co-employee or the plaintiff herself. *See, Gustafson, supra*. To allow Defendant's counterclaim would be in direct contravention of the FLSA and Congress' intent in enacting this comprehensive remedial statute. *See, LeCompte, Gustafson, Goodman, supra*. In addition, the Supremacy Clause dictates that Plaintiff's FLSA rights preempt any contractual right to indemnification. *See, LeCompte, Carda, supra*.

### III. The Indemnification Provision at Issue Does not Cover Plaintiff's Claims for Unpaid Wages

Even if indemnity was recognized (which it is not, *see supra*), the indemnification provision at issue does not cover Plaintiff's claims for unpaid wages. Defendant's sole basis for alleging that Plaintiff is liable for its attorney's fees is that the Agreement includes an indemnification provision by which Defendant is indemnified from any "action" for "injury to persons, including death, and damage to property" which Defendant incurs "arising out of or in connection with" Plaintiff's "obligations under this Agreement." D.E. 35 at 14.

However, any alleged damages suffered by Defendant in defending this lawsuit do not arise out of Plaintiff's obligations under the Agreement. Rather, the lawsuit concerns **Defendant's** obligations to properly compensate Plaintiff and others under the FLSA.

Considering an analogous contract, the court in *Phelps v. 3PD*, 2008 U.S. Dist. Lexis 92433 (D. Or. Nov. 12, 2008), rejected a similar counterclaim. In Phelps, the plaintiffs alleged that the defendant unlawfully misclassified them and other similarly situated employees as independent contractors. *Id*. at *2. The defendant asserted a counterclaim for indemnification based upon an "Independent Contractor Operating Agreement (ICOA)." *Id*. The ICOA stated that the "Contractor" indemnified the defendant from "claims . . . arising from or relating to Contractor's relationship with Contractor's employee's and from "Contractor's acts or omission resulting from or arising out of such Contractor's operation of the Equipment." *Id*. at *4. Dismissing the defendant's counterclaim, the court explained:

> [The claims asserted by Plaintiffs are based on Defendant's allegedly improper classification of Plaintiffs as independent contractors rather than employees. Such allegedly improper classification does not "aris[e] from or relat[e] to [Plaintiffs'] relationship with [Plaintiffs'] employees," ICOA § 3(f)(4), or from Plaintiffs' "omissions resulting from or arising out of . . . [the] operation of the equipment." ICOA § 4(e)).

*Id*. at *4-5.

In the instant case, Plaintiff's claims that Defendant misclassified her and failed to pay her proper wages arise out of **Defendant's** actions, not Plaintiff's. Accordingly, the indemnification provision does not apply.

### IV. The Indemnification Violates the FLSA's Provision for Prevailing Plaintiff Fees

While a successful plaintiff may recover attorney's fees and costs under the FLSA, a prevailing defendant remains responsible for its attorney's fees. 29 U.S. C. § 216(b); *Turlington*

*v. Atlantic Gas Light & Co.*, 135 F. 3d 1428, 1437 (11th Cir. 1998). Nevertheless, through its Counterclaim, Defendant claims it is entitled to attorney's fees pursuant to the indemnification provision. However, the indemnification provision for fees would turn the FLSA's prevailing plaintiff fee provision on its head. *Daugherty v. Encanca Oil & Gas (USA) Inc.*, 2011 U.S. Dist. Lexis 76802, \*33 (D. Col. July 15, 2011). A contract provision which provides a prevailing defendant the right to recover attorney's fees in an FLSA case has a "chilling effect . . . on [p]laintiffs' ability and willingness to attempt to press their claims under the FLSA . . ." Such a fee-shifting provision "erect[s] impermissible obstacles to [p]laintiffs' ability to avail themselves of the rights and protections afforded by the FLSA" and is thus unenforceable. *Id*. at \*33-34.

## V. <u>The Counterclaim in Retaliatory</u>

Counterclaims, such as that filed by Defendant, are an act of unlawful retaliation. *See, Ramos v. Hoyle*, 2009 U.S. Dist. Lexis 61062, n.9 (S.D. Fla. July 16, 2009) (court granted summary judgment for plaintiff, finding that defendant's counterclaim was filed in retaliation for plaintiff's FLSA claims); *Obester v. Lucas Association*, 2010 U.S. Dist. Lexis 144161, \*233 (N.D. Ga. Aug. 2, 2010) (recommending plaintiff's motion for summary judgment for retaliation be granted because defendant's counterclaim was retaliatory). Given the FLSA's specific anti-retaliation provision, 29 U.S.C. § 215(a)(3), counterclaims are particularly retaliatory in the context of FLSA claims. *Torres v. Gristede's Operating Corp.*, 628 F.Supp 2d 447, 471-75 (S.D. N.Y. 2008) (finding defendant's counterclaim were asserted "to punish the Individual Plaintiffs for joining the FLSA suit" and that Plaintiffs had established their claim of retaliation under the FLSA); *see also*, *Jacques v. DiMarzio*, 216 F. Supp. 2d 139, 141-43 (E.D. N.Y. 2002) (defendant's counterclaims in ADA lawsuit found *sua sponte* to be retaliatory, dismissal and sanctions issued, *sua sponte*); *Gliatta v. Tectum Inc.*, 211 F.Supp. 2d 992, 1008-09 (S.D. Oh.

2002) (counterclaim may constitute retaliation under Title VII); *EEOC v. Outback Steakhouse of Florida*, 75 F.Supp.2d 756, 760 (N.D Oh. 1999) (same); *see generally, Darveau v. Detecon, Inc.*, 515 F. 3d 334-343 (4th Cir. 2008) (finding that plaintiff had validly alleged a claim for retaliation under the FLSA where defendant responded to plaintiff's complaint for unpaid wages by filing a separate state court action against plaintiff); *Zebroski v. Goulak*, 2010 U.S. Dist. Lexis 30870, *3 (E.D. Pa. Mar. 29, 2010) (same).

In the instant case, Defendant should not be rewarded for its retaliatory conduct. Accordingly, the Counterclaim should be dismissed.1

### VI. Conclusion

For these reasons, Defendant's Counterclaim must be dismissed with prejudice.

Dated: April 19, 2012  
Boca Raton, Florida

Respectfully submitted,

**/s/Gregg I. Shavitz**
Gregg I. Shavitz
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile: 561-447-8831
Attorneys for Plaintiff

---

1 Indeed, should the Court not grant Plaintiff's Motion to Dismiss the Counterclaim, Plaintiff intends to seek leave of Court to file an Amended Complaint to add a count under the FLSA for retaliation.

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**s/GREGG I. SHAVITZ**
Gregg I. Shavitz

## SERVICE LIST
### Wendy Dobbins v. Scriptfleet, Inc. et al
### CASE NO.: 8:11-cv-01923-SCB-AEP
### United States District Court, Middle District of Florida

Robert L. Browning (Admitted Pro Hac Vice)
E-mail: rbrowning@scopelitis.com
A. Jack Finklea (Admitted Pro Hac Vice)
E-mail: jfinklea@scopelitis.com
Scopelitis Garvin Light Hanson & Feary, P.C.
10 W. Market Street, Suite 1500
Indianapolis, IN 46204
Phone: (317) 637-1777

-and-

R.H. Farnell II
E-mail: rfarnell@bedellfirm.com
Bedell Dittmar DeVault Pillans & Coxe, P.A.
The Bedell Building
101 East Adams Street
Jacksonville, FL 32202
Phone: (904) 353-0211