UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY DOBBINS, individually and
on behalf of persons similarly situated
        Plaintiff,

v.

SCRIPTFLEET, INC. f/k/a Network
Express, and XYZ Entities 1-10
(Fictitious Names of Unknown
Liable Entities),

        Defendants.
_____/

Case No. 8:11-cv-1923-T-24-AEP

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Dismiss (Doc. No. 41). Defendant opposes this motion (Doc. No. 43).

**I.    Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Seigelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackham v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.     Background

Plaintiff is a courier for Defendant Scriptfleet, Inc. Plaintiff filed an amended complaint (Doc. No. 10), in which she alleges that Defendant misclassified her and others similarly situated as independent contractors, and as such, they were deprived of overtime wages in violation of the Fair Labor Standards Act ("FLSA").

In response to the amended complaint, Defendant filed a counterclaim, in which it alleges that the FLSA is inapplicable because Plaintiff is an independent contractor, not an employee (Doc. No. 41).  Additionally, Defendant contends that, pursuant to the indemnification provision in their agreement, Plaintiff must indemnify Defendant for the attorneys' fees Defendant incurs in defending against Plaintiff's compensation claim (Doc. No. 41).

## III.     Motion to Dismiss

In response to Defendant's counterclaim, Plaintiff filed the instant motion to dismiss, in which she argues that dismissal is warranted because: (1) the indemnity provision does not cover the attorneys' fees that Defendant incurs in defending against her claim; (2) as a matter of law, no claim for indemnity exists for claims under the FLSA; (3) Defendant's claim is retaliatory; and (4) allowing Defendant to obtain indemnification from Plaintiff for attorneys' fees is antithetical to the FLSA, which allows for prevailing plaintiffs' attorney's fees but requires

2

prevailing defendants to bear their own fees and costs. Accordingly, the Court will address each argument.

### A. Scope of Indemnity Provision

Plaintiff argues that the indemnity provision in her agreement does not cover the attorneys' fees that Defendant incurs in defending against her claim. The indemnification provision at issue provides that Plaintiff must indemnify Defendant for any losses, including attorneys' fees, that Defendant may incur "arising out of or in connection with" Plaintiff's obligations under their agreement (Doc. No. 36, p. 6). One such obligation under the agreement was that Plaintiff would work for a liquidated fee amount, and her lawsuit is predicated on her contention that Defendant owes her more than the liquidated fee amount provided in her agreement. As such, the Court concludes that the indemnity provision in her agreement supports Defendant's counterclaim if Defendant prevails in establishing that Plaintiff was an independent contractor. See Spellman v. American Eagle Express, Inc., 680 F. Supp.2d 188, 191 (D.D.C. 2010)(concluding that the defendant's litigation expenses incurred in defending against an FLSA claim on the theory that the plaintiffs were independent contractors fell within the scope of a nearly identical indemnification provision).

### B. Indemnity Claims Relating to FLSA Liability

Next, Plaintiff argues that Defendant's counterclaim must be dismissed, because no claim for indemnity exists under the FLSA. As explained below, the Court rejects this argument.

Courts have held that indemnification claims relating to FLSA liability are contrary to public policy and the legislative intent of the FLSA. See, e.g., LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1264 (5th Cir. 1986); Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992); Martin v. Gingerbread House, Inc., 977 F.2d 1405, 1407-08 (10th Cir.1992); Herman v.

3

RSR Sec. Services Ltd., 172 F.3d 132, 144 (2d Cir. 1999). However, the FLSA does not apply independent contractors. See McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 448 (M.D. Fla. 1988) (stating that the protections of the FLSA extend to employees); Freund v. Hi-Tech Satellite, Inc., 185 Fed. Appx. 782, 782 (11th Cir. 2006) (stating that the FLSA applies only to employees).

While the parties in this case dispute whether Plaintiff was as an independent contractor or an employee, for the purpose of analyzing the sufficiency of Defendant's counterclaim on a motion to dismiss, the Court must accept Defendant's allegation that Plaintiff was an independent contractor as true. As such, Defendant's indemnification counterclaim is viable because Defendant is not seeking indemnification for an FLSA liability imposed upon it. Instead, Defendant's counterclaim is based on the theory that Plaintiff was an independent contractor, and as such, her FLSA claim will fail. Therefore, Defendant is seeking indemnity for the attorneys' fees it incurs in defending against Plaintiff's claim. Consequently, the case law barring indemnification claims relating to FLSA liability will not apply to Defendant's counterclaim if Plaintiff is unsuccessful in proving that she was Defendant's employee. Accordingly, at this stage of the proceedings, the Court concludes that Defendant's counterclaim for indemnity is valid.

      **C.**      **Retaliatory Nature of Defendant's Counterclaim**

Next, Plaintiff argues that Defendant's counterclaim is an act of unlawful retaliation. A lawsuit is retaliatory if it was filed with a retaliatory motive and "lacks a reasonable basis in fact or law." Spellman, 680 F. Supp.2d at 191 (internal quotation marks and citation omitted). While indemnity actions relating to FLSA liability are improper because they contradict the purposes of the FLSA, the Court cannot conclude at this time that Defendant's counterclaim is baseless or

retaliatory, because its validity turns on the disputed issue of whether Plaintiff was an employee or an independent contractor. See id. at 192. Therefore, if Plaintiff is proven to be an independent contractor, the FLSA will not apply to her, and she will be bound by the indemnification clause in her agreement.

### D. The FLSA's Attorneys' Fee Provision

Finally, Plaintiff points out that pursuant to the FLSA, a prevailing defendant remains responsible for paying its own attorneys' fees. Therefore, Plaintiff argues that Defendant's indemnity counterclaim is an impermissible fee-shifting maneuver. The Court disagrees. Defendant's indemnity counterclaim will only be viable if Plaintiff is determined to be an independent contractor, to which the FLSA does not apply.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss (Doc. No. 41) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of June, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record